**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In Re:

JODELL M. ALTIER,

        Debtor.

                                                                   Bankr. Case Nos. 6:15-bk-1838-KSJ
                                                                                     6:15-ap-0156-KSJ
                                                                                     6:16-ap-0013-KSJ

_____

DARRIN C. LAVINE,

        Appellant,

v.                                                                      Case No. 6:16-cv-1899-Orl-37

GOSHEN MORTGAGE LLC,

        Appellee.

_____

**ORDER**

    This cause is before the Court on its own motion.

    In the instant action, Appellant seeks to appeal an order issued by the U.S. Bankruptcy Court of the Middle District of Florida in Case No. 6:15-ap-156-KSJ. (Doc. 1.) Under Federal Rule of Bankruptcy Procedure 8018(a)(1), Appellants' initial brief was due on or before Monday, **January 9, 2017** ("**Filing Deadline**").[1] At the time of the

---

[1] Bankruptcy Rule 8018(a)(1) clearly states that an appellant "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." In the instant action, the bankruptcy record was transmitted to this Court in a series of transmissions, the last of which occurred on December 8, 2016. (Docs. 4–9. ("**Transmittals**").) The Court electronically served notice of each Transmittal on Appellant's counsel, Jonathan Fredrick Bull ("**Counsel**"), at jon@libertylawteam.com, and the final notice trigged the thirty-day period in which Appellant was required to file his initial brief. Fed. R. Bankr. P. 8018(a)(1). Moreover, on October 31, 2016, the Court

Filing Deadline, however, Appellant had neither filed his initial brief nor moved for an extension of time to do so. Consequently, on January 10, 2017, the Court ordered Appellant to show cause why his appeal should not be dismissed for failure to comply with Bankruptcy Rule 8018(a)(1). (Doc. 10 ("**Show Cause Order**").) Appellant failed to timely respond to the Court's Show Cause Order.

Courts may properly dismiss a bankruptcy appeal upon a showing of bad faith, negligence, or indifference. *Brake v. Tavorina* (*In re Beverly Mfg. Co.*), 778 F.2d 666, 667 (11th Cir. 1985). "Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." *Id.* Here, Appellant has failed to take any steps in this action other than filing his notice of appeal (Doc. 1). Additionally, when given an opportunity to explain his failure to prosecute, Counsel ignored the Court's Show Cause Order. Under the circumstances, the Court finds that Counsel's failure to comply with Bankruptcy Rule 8018 and the Court's Show Cause Order evidences, at the very least, blatant indifference, thus warranting dismissal of this action. *See Brake*, 778 F.2d at 667.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court's Order to Show Cause (Doc. 10) is **DISCHARGED**.
2. The case is **DISMISSED**.
3. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 18, 2017.

---

issued notice to Counsel advising him to comply with the filing requirements of Bankruptcy Rule 8018. (Doc. 2.)



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record