UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

JODELL M. ALTIER                     Bankruptcy Case No.: 6:15-bk-1838-KSJ
                                                                  6:16-ap-00156-KSJ
     Debtor.                           6:16-ap-00013-KSJ
_____/

DARRIN C. LAVINE,

     Appellant,

v.                                                     Case No. 6:16-cv-1899-Orl-37

GOSHEN MORTGAGE, LLC,

     Appellee.
_____/

## VERIFIED RESPONSE IN OPPOSITION TO
## APPELLANT'S AMENDED MOTION TO REOPEN APPEAL

GOSHEN MORTGAGE, LLC ("Goshen"), by and through its undersigned counsel, hereby files its response in opposition to *Appellant's Amended Motion to Reopen Appeal* (Doc. No. 14) (the "Motion") filed by Darrin Lavine ("Appellant"). In support of this Response, Goshen states as follows:

### Introduction

The Eleventh Circuit has held that courts may properly dismiss a bankruptcy appeal upon a showing of bad faith, negligence, or indifference. *Brake v. Tavorina (In re Beverly Mfg. Co.)*, 778 F.2d 666, 667 (11th Cir. 1985). In its order dismissing this appeal, the Court noted that Appellant had demonstrated, at the very least, a blatant indifference toward the Bankruptcy Rules and its orders. *See* Dismissal Order, Doc. No. 11, pg. 2. Appellant now attempts to explain away the indifference he has exhibited in this appeal by claiming his counsel never received

proper notice through the Court's CM/ECF filing system and was thus unaware he needed take any action to perfect this appeal. However, as demonstrated below, Appellant's failure to file a timely brief was not the result of being unaware of his filing requirements, but rather was a result of simply ignoring these requirements altogether. Accordingly, Goshen submits that dismissal of this appeal is more than appropriate in light of the blatant indifference Appellant has exhibited during the course of this appeal.

## Argument

Appellant's present contention that his failure to prosecute this appeal was merely an oversight is a stretch at best, and not made in good faith. Indeed, Appellant was well aware that certain requirements were required to be met during the course of this appeal as he had received the Court's notice directing him to file a brief in accordance with Bankruptcy Rule 8018 (the "Briefing Notice").[1] Notably absent from the Motion is any claim that Appellant's counsel failed to receive the Briefing Notice.[2] This is likely due to the fact that Appellant's counsel continued to utilize the (jon@libertylawteam.com) email account through November 30, 2016, which all but confirms that Appellant's counsel would have received the Briefing Notice without issue. *See* Email from Jonathan Bull dated November 30, 2016 attached hereto as **Exhibit A**. Accordingly, it appears that Appellant's failure to file a timely brief was not the result of being unaware of his filing requirements, but rather a result of his ignoring these requirements altogether. In addition, at no point did Appellant, or his counsel, inquire as to the status of the appeal, request an extension of time to file an initial brief, or take any other action to prosecute this appeal. Instead, the record in this case clearly demonstrates Appellant simply ignored his obligations.

---

[1] On October 31, 2016, the Court issued a notice to [Appellant's] Counsel advising him to comply with the filing requirements of Bankruptcy Rule 8018. *See* Dismissal Order, Doc. No. 11, pg. 1-2, footnote 1.
[2] Appellant's counsel also failed to submit a sworn statement in support of the statements contained in the Motion.

Piling on, Appellant's counsel continues to exhibit no regard for the procedures of this Court. The administrative procedures[3] governing CM/ECF filers specifically require that, "[a]n E-filer must ***immediately*** update CM/ECF with any change to the E-Filer's contact information. . . [and] inform the Court and parties of such a change by using the "Notice of Change of Address" event in the CM/ECF for each active case" (Emphasis added). In the Motion, Appellant's counsel alleges that he left the Liberty Law Team on December 2, 2016 and that his email address with such firm was deleted that same day. *See* Motion, pg. 1, para. 1-3. Notably, Appellant's counsel admits that he waited over a month to notify the Court of a change in his contact information. Not surprisingly, Appellant's counsel continues to violate the procedures as he has yet to submit a *Notice of Change of Address* in either this appeal, or the matters pending before the Bankruptcy Court. Accordingly, the actions Appellant's counsel firmly support a finding that he has exhibited, and continues to exhibit, a pattern of blatant indifference to the Rules of Bankruptcy and the notices served on him by this Court. As such, the Motion should be denied, and the dismissal should stand, as both Appellant, and his counsel, continue to exhibit complete indifference toward the rules governing this appeal.

**WHEREFORE,** Goshen Mortgage, LLC respectfully request this Court enter an order: denying the Motion and granting such other and further relief which is just and proper under the circumstances.

---

[3] *See* United States District Court, Middle District of Florida, Administrative Procedures for Electronic Filing, Published June 5, 2015.

**RESPECTFULLY SUBMITTED** this 30th day of January 2017.

/s/ Justin M. Luna
Justin M. Luna, Esq.
Florida Bar No.: 0037131
jluna@lseblaw.com
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407-481-5800
*Attorneys for Goshen Mortgage, LLC*

## VERIFICATION

I, ___JUSTIN M. LUNA___, hereby affirm and attest to the truth and accuracy of the foregoing under the penalty of perjury, and state that I have personal knowledge of the facts stated herein and the authenticity and business records status of the attached materials, and I am competent to testify thereto. The email record accompanying Goshen's Respond is a true a correct copy of the record maintained by Latham, Shuker, Eden & Beaudine, LLP. I am familiar with such record and the manner in which it was created, stored, and maintained. The email record attached to this Response is in fact an actual true and correct copy of the record maintained by Latham, Shuker, Eden & Beaudine, LLP in the ordinary course of business.

JUSTIN M. LUNA
*Attorney for Goshen Mortgage, LLC and Bankruptcy Partner at the Law Offices of Latham, Shuker, Eden & Beaudine, LLP*

_____

Print: ___JUSTIN LUNA___


**STATE OF FLORIDA**

**COUNTY OF ORANGE**

BEFORE ME, personally appeared Justin M. Luna, who is personally known to me or who has produced _____ as identification, and who did take an oath, and swears that the foregoing is true and correct to the best of his knowledge and belief.

WITNESS, my hand and official seal this _30th_ day of _January_, 2017

_____
Notary Public

Commission No. _____

My Commission Expires: _____

(Notary Seal)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

**JODELL M. ALTIER**                            Bankruptcy Case No.: 6:15-bk-1838-KSJ
                                                                         6:16-ap-00156-KSJ
      Debtor.                                   6:16-ap-00013-KSJ
_____/

**DARRIN C. LAVINE,**

      Appellant,

v.                                                                                   Case No. 6:16-cv-1899-Orl-37

**GOSHEN MORTGAGE, LLC,**

      Appellee.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this **VERIFIED RESPONSE IN OPPOSITION TO APPELLANT'S AMENDED MOTION TO REOPEN APPEAL** has been furnished electronically mail to those parties entitled to receive electronic notice in this case, and to those parties with an interest in the Property as indicated on the record title search performed by the Trustee, via U.S. First Class, postage prepaid mail to: Jonathan Bull, Esq., a/f **Jodell M. Altier, Joseph Altier**, and **Darrin C. Lavine**, , Office of the Public Defender, 9th Circuit, 435 N. Orange Avenue, Orlando, Florida 32801, via email to jbull@circuit9.org; **Gene T Chambers, Trustee**, c/o Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Suite 102, Orlando, Florida 32801, mnardella@nardellalaw.com; Kelley A. Bosecker, 1400 Gandy Boulevard, #706, St. Petersburg, Florida 33702, sbosekcer@tampabay.rr.com, kbosecker@tmo.blackberry.net, and the U.S. Trustee, 400 W Washington Street, Suite 1100, Orlando, FL 32801, on this 30th day of January 2017.

                                                                /s/ Justin M. Luna
                                                                Justin M. Luna, Esq.

## Daniel Velasquez

**From:** Jon Bull <jon@libertylawteam.com>
**Sent:** Wednesday, November 30, 2016 11:50 AM
**To:** Daniel Velasquez
**Subject:** RE: Altier_Proposed Exhibits

Dan:

Just finished reviewing your exhibit list. No objections.

Sincerely,

Jon Bull

**From:** Daniel Velasquez [mailto:dvelasquez@lseblaw.com]
**Sent:** Wednesday, November 30, 2016 8:56 AM
**To:** Jon Bull <jon@libertylawteam.com>
**Cc:** Justin M. Luna <JLuna@lseblaw.com>
**Subject:** FW: Altier_Proposed Exhibits

Jon:

We didn't discuss it yesterday, but I take it from your non-response to the email below that you don't have an objection to the use our exhibits at the hearing tomorrow. Please confirm.

**Daniel A. Velasquez**
**Associate Attorney**
**Latham, Shuker, Eden & Beaudine, LLP**
111 North Magnolia Avenue, Suite 1400
Orlando, FL 32801
Direct Line: (407) 481-5807
Fax: (407) 481-5801
dvelasquez@lseblaw.com
www.lseblaw.com
Twitter: @FloridaChap11

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE

1

**EXHIBIT "A"**