**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:
JODELL M. ALTIER,
Debtor.

Bankr. Case Nos. 6:15-bk-1838-KSJ
6:15-ap-0156-KSJ

6:16-ap-0013-KSJ

DARRIN C. LAVINE,
Appellant,
v.                                          Case No. 6:16-cv-1899-Orl-37
GOSHEN MORTGAGE LLC,
Appellee.
_____/

## APPELLANT'S VERIFIED RESPONSE TO APPELLEE'S OPPOSITION TO MOTION TO REOPEN APPEAL

COMES NOW counsel for Darren Lavine, and does hereby respond to the appelle's motion in opposition and does present the following:

1. Appellee's reliance on In Re: Beverly Manufacturing Corporation, 788 So.2d 666 (11th Cir., 1985) is misplaced. In In Re: Beverly Manufacturing Corporation, *supra*, the court reversed the District Court's dismissal of a Bankruptcy Appeal because the actual legal standard is that it is an abuse of discretion to dismiss an appeal for failure to file a brief absent bad faith, negligence or indifference.

2. In In Re: Beverly Manufacturing Corporation, *supra*, the court cited the following examples of negligence or indifference: Failure to file designation in record (which counsel for appellant did and then had to correct), In re Cesar Quevedo, 35 B.R. 117 (Bkrtcy.D.P.R.1983) failure to file designation plus ignoring sua sponte extensions of the court, West v. Falconer, 17 B.R. 929 (Bkrtcy.S.D.Ill.1982).

3. Also, under the 11th Circuit and most recently, <u>Lawrence v. Educational Management Credit Management Corporation</u>, 522 Fed.Appx. 836 (11th Cir. 2013) The 11th Circuit cited the Appellant's repeated refusal to participate in discovery in the bankruptcy court as evidence of dilatory conduct that justified the dismissal of the appeal.

4. This is simply not the case here. Counsel for Appellant (whose area of expertise is criminal defense) did not file just one designation for the appellate record but several due to filing errors. This rebuts the assertion of dilatory conduct, along with the fact that appellant counsel is also representing the debtor in this case and has complied with numerous discovery requests from opposing counsel, including both depositions, multiple requests for documents and preparing a privilege log, along with representing both Darren Lavine as prior Trustee for GLG and the debtor in this case.

5. Opposing Counsel in this case asserts that Counsel for Appellant did not designate the change of address. This is not entirely accurate. While Counsel for Appellant admittedly did not change his primary email in the CM/ECF system for the District Court, his secondary email (which had been his primary with the middle district since counsel's initial admission in 2006), he did immediately change it with the BK Court on December 2nd, 2017 and advised Appellee's counsel of the change the same day. (email attached).

6. Finally, upon learning that he had not received the order to show cause and that the appeal was dismissed, counsel for appellant took immediate action to re-instate his CM/ECF account, up to and including the attempted paper filing of his

initial motion to reinstate the appeal and filing an amended motion after resolving the issue with changing the address within the District Court's CM/ECF system.

### Prayer for Relief

WHEREFORE the Appellant respectfully requests that the court grants the Appellant's motion to reinstate the brief.

### Certificate of Service

I HEREBY CERTIFY that a true copy of this Response to Appellee's opposition to Appellant's Amended Motion to Reopen Appeal has been furnished electronically mail to those parties entitled to receive electronic notice in this case, and to those parties with an interest in the Property as indicated on the record title search performed by the Trustee, via U.S. First Class, postage prepaid mail to: Jonathan Bull, Esq., a/f Jodell M. Altier and Joseph Altier, via email to jbull@circuit9.org; Justin Luna, Esq., at JLuna@lseblaw.com Gene T Chambers, Trustee, c/o Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Suite 102, Orlando, Florida 32801, mnardella@nardellalaw.com; Kelley A. Bosecker, a/f Georgiann Jereczek, 1400 Gandy Boulevard, #706, St. Petersburg, Florida 33702, sbosecker@tampabay.rr.com, kbosecker@tmo.blackberry.net, and the U.S. Trustee, 400 W Washington Street, Suite 1100, Orlando, FL 32801, on this 31st day of January, 2016.

S/ Jonathan Bull
Attorney for Darren Lavine
Fl. Bar No. 565903
435 N. Orange Avenue
Suite 400
Orlando, FL 32801
jbull@circuit9.org
321-557-7518

## VERIFICATION

I, __Jonathan Bull__, Do hereby affirm and attest to the accuracy of the foregoing pleading under penalty of pain of perjury and that it is based on my personal knowledge and that the email attached in support of is one that is maintained as part of my legal practice and is true and accurate and that I am competent to testify to same.

s/ _____,
Attorney for Darren Lavine,
Appellant

STATE OF FLORIDA

ORANGE COUNTY

BEFORE ME, Personally appeared, Jonathan F. Bull, who is personally known to me or has produced _____ as identification and did take an oath, and swears that the foregoing is correct.

WITNESS my hand and official seal this 31st Day of January 2017.

_Maggie Linger_
Notary Public

MAGGIE LINGER
Commission # GG 041293
Expires December 11, 2020
Bonded Thru Troy Fain Insurance 800-385-7019

Commission No:_____

My commission expires:_____

# Bull, Jonathan (PUBDEF)

**From:** Justin M. Luna <JLuna@lseblaw.com>
**Sent:** Friday, December 02, 2016 3:40 PM
**To:** Bull, Jonathan (PUBDEF)
**Cc:** Wanda Rivera; Daniel Velasquez
**Subject:** RE: New email address

Thanks. We will make sure we note this for our records.

---

**From:** jbull@circuit9.org [mailto:jbull@circuit9.org]
**Sent:** Friday, December 02, 2016 3:35 PM
**To:** Justin M. Luna
**Subject:** New email address

Justin:

I am no longer with the Liberty Law Team LLC. My new email is jbull@circuit9.org

PLEASE NOTE: Florida has a very broad public records law (F. S. 119).
All e-mails to and from County Officials are kept as a public record.
Your e-mail communications, including your e-mail address may be
disclosed to the public and media at any time.