**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In Re:

JODELL M. ALTIER,

        Debtor.

                                                Bankr. Case Nos. 6:15-bk-1838-KSJ
                                                              6:15-ap-0156-KSJ
                                                               6:16-ap-0013-KSJ

_____

DARRIN C. LAVINE,

        Appellant,

v.                                                              Case No. 6:16-cv-1899-Orl-37

GOSHEN MORTGAGE LLC,

        Appellee.
_____

**ORDER**

This cause is before the Court on Appellant's Amended Initial Brief (Doc. 20), filed February 16, 2017.

Appellant initiated the instant bankruptcy appeal on October 31, 2016, by filing a notice of appeal in this Court. (Doc. 1.) After the bankruptcy record was transmitted, Appellant failed to: (1) timely file his initial brief; and (2) respond to the Court's Order directing him to show cause why he failed to timely file his initial brief. (*See* Doc. 10 ("**Show Cause Order**").) Hence the Court dismissed this appeal on the ground that Appellant demonstrated blatant indifference with respect to the timely prosecution of this appeal. (Doc. 11 ("**Dismissal Order**").)

Shortly thereafter, Appellant's counsel moved to reinstate the appeal, arguing that

he had changed employment during the pendency of the appeal and, thus, had not received notification of the transmittal of the bankruptcy record, the Show Cause Order, or the Dismissal Order, which had been sent to the address he maintained with his former employer. (*See* Docs. 12, 14, 16.) Although Appellant's failure to receive the Court's notices was a result of his counsel's failure to update his primary e-mail address on CM/ECF, the Court granted his motion to reinstate the appeal and directed him to file his initial brief on or before February 9, 2017 (Doc. 17).

Appellant timely filed an initial brief on February 9; however, without seeking leave of Court, he filed an amended brief on February 16, 2017, which omitted discrete portions of his originally filed brief. (Doc. 20.) Upon consideration, the Court finds that the amended brief is due to be stricken. Appellant was given a February 9 deadline to file his initial brief—thirty days beyond the deadline set forth in the Bankruptcy Rules. He may not now unilaterally extend this deadline further by filing an amended brief without leave. Appellant is advised that the Court is not inclined to grant any further extensions absent extraordinary circumstances.

Accordingly, the Clerk is **DIRECTED** to **STRIKE** Appellant's Amended Initial Brief (Doc. 20) and remove it from the docket. Appellee's response brief remains due on or before Monday, **March 13, 2017**.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 17, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record