## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

**JODELL M. ALTIER,**

          **Debtor.**

_____/

**DARRIN C. LAVINE,**

          **Appellant,**

vs.

**GOSHEN MORTGAGE, LLC,**

          **Appellee.**

_____/

Bkry Case No. 6:15-bk-1838-KSJ

6:15-ap-00156-KSJ

6:16-ap-00013-KSJ

Case No.: 6:16-cv-1899-Orl-37

## ON APPEAL FROM THE ORDER OF THE
## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### ANSWER BRIEF OF APPELLEE,
### GOSHEN MORTGAGE REO, LLC

**Justin M. Luna, Esq.**
**Florida Bar No.: 0037131**
jluna@lseblaw.com
**Mariane L. Dorris, Esq.**
**Florida Bar No.: 0173665**
mdorris@lseblaw.com

**LATHAM, SHUKER,**
**EDEN & BEAUDINE, LLP**
**111 N. Magnolia Avenue, Suite 1400**
**Orlando, Florida 32801**
**Tel: 407-481-5800**
**Attorneys for Goshen Mortgage**
**REO, LLC**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 8012, Appellee, Goshen Mortgage REO, LLC, states that it is a Connecticut limited liability corporation licensed to conduct business in the State of Florida. Goshen Mortgage REO, LLC is jointly owned by Goshen DF Holdings, LLC (39.5124%) and Goshen FF Holdings, LLC (60.4876%), which are both Delaware limited liability corporations.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF APPELLATE REVIEW . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I.     THE BANKRUPTCY COURT PROPERLY
DETERMINED THAT GOSHEN MORTGAGE REO
LLC HAD THE AUTHORITY TO SUBSTITUTE
MR. BYMEL AS THE TRUSTEE FOR GRANDE
LEGACY GROUP, A TEXAS JOINT STOCK
COMPANY AND HIRE LATHAM, SHUKER,
EDEN & BEAUDINE LLP AS REPLACEMENT
COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     A.     Pursuant 11 U.S.C. §541, the Chapter 7
Trustee had the rights to all of the Debtor's
legal and equitable interests in Grande
Legacy Group, and therefore could transfer
those rights pursuant to a sale under
11 U.S.C. §363. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     B.     Pursuant to Texas state law, Goshen Mortgage
REO, LLC, as the sole shareholder of Grande
Legacy Group, had the authority to amend the
bylaws of Grande Legacy Group, replace
Mr. Darrin C. Lavine as Trustee, and

hire replacement counsel. . . . . . . . . . . . . . . . . . . . . . . . . 12

C.   The doctrine of law-of-the-case bars Mr. Darrin C.
     Lavine from challenging the Bankruptcy's Court
     prior final ruling that Goshen Mortgage REO, LLC
     purchased all rights, titles, and interests of the
     Debtor in Grande Legacy Group.. . . . . . . . . . . . . . . . 14


II.   PURSUANT TO THE DOCTRINE OF
      CONSTITUTIONAL MOOTNESS, THIS COURT
      SHOULD DISMISS THE INSTANT APPEAL OF
      THE ORDER GRANTING MOTION TO
      SUBSTITUTE AS COUNSEL FOR GRANDE
      LEGACY GROUP. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## FEDERAL CASES

Alfa Mutual Fire Insurance Co. v. Memory (In re Martin),
   184 B.R. 985 (M.D. Ala. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Alphamed, Inc. v. B. Braun Medical, Inc,
   367 F. 3d 1280 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Anderson v. Bessemer City,
   470 U.S. 564 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Bell-Tel Fed. Credit Union v. Kalter (In re Kalter),
   292 F.3d 1350 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Bordeau Brothers, Inc. v. Montagne (In re Montagne),
   2010 WL 271347 (Bankr. D.Vt. Jan. 22, 2010) . . . . . . . . . . . . . . . . . 15

Butner v. United States,
   440 U.S. 48 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Christianson v. Colt Indus. Operating Corp.,
   486 U.S. 800 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC),
   391 B.R. 25 (9th Cir. BAP 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Cohen v. Bucci,
   905 F. 2d 1111 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Focus Media, Inc. v. Nat'l Broad. Co. Inc. (In re Focus Media, Inc.),
   378 F. 3d 916 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Fowler v. Shadel,
   400 F. 3d 1016 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

Fursman v. Ulrich (In re First Protection, Inc.),
    400 B.R. 821 (9th Cir. BAP 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

In re Fillard Apartments, Ltd.,
    104 B.R. 480 (S.D. Fla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

In re Pickel,
    487 B.R. 289 (Bankr. D.N.M. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Wallen,
    43 B.R. 408 (Bankr. Idaho 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Keating v. K-C-K Corp.,
    383 S.W. 2d 69 (Tex. Civ. App.-Houston 1st Dist. 1964) . . . . . . . . . . 13

Martin v. Martin, Martin & Richards, Inc.,
    12 S.W. 3d 120 (Tex. App.-Fort Worth 1999) . . . . . . . . . . . . . . . . 12, 13

Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.),
    677 F. 3d 869 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Movitz v. Fiesta Invs., L.L.C. (In re Ehmann),
    319 B.R. 200 (Bankr. D. Ariz. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Newman v. Toy,
    926 S.W. 2d 629 (Tex. App.-Austin 1996) . . . . . . . . . . . . . . . . . . . . . . 13

Royal Ins. Co. v. Latin Am. Aviation Serv.,
    210 F. 3d 1348 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Term Loan Holder Comm. v. Ozer Group, LLC (In re The Caldor Corp.),
    303 F. 3d 161 (2d Cir. 2002)86 N.E. 2d 162 (1949) . . . . . . . . . . . 14, 15

United States v. United States Gypsum Co.,
    33 U.S. 364 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## FEDERAL STATUTES

11 U.S.C. § 363 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

11 U.S.C. § 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 13

11 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## FEDERAL RULES

Fed. R. Bankr. P. 7052 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Bankr. P. 8002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Fed. R. Bankr. P. 9023 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Fed. R. Bankr. P. 9024 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

## STATEMENT OF ISSUE

Whether the bankruptcy court properly determined that Goshen Mortgage REO, LLC, as the sole owner of all outstanding shares of Grande Legacy Group, had the authority to substitute Mr. Bymel for Mr. Darrin C. Lavine as trustee for Grande Legacy Group, a Texas Joint Stock Company, and hire Latham Shuker Eden & Beaudine, LLP as replacement counsel.

## STANDARD OF APPELLATE REVIEW

A district court reviews the bankruptcy court's findings of fact under the deferential clearly erroneous standard. *See Alfa Mutual Fire Insurance Co. v. Memory (In re Martin)*, 184 B.R. 985, 989 (M.D. Ala. 1995) (citations omitted). A bankruptcy court's findings of fact is clearly erroneous only when "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948). "If the [Bankruptcy Court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced it would have weighed the evidence differently." *See Anderson v. Bessemer City*, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed. 2d 518 (1985). A district court's review of the application of the law-of-the-case doctrine is *de novo*. *Alphamed, Inc. v. B. Braun Medical, Inc.*, 367 F.3d 1280,

1285 (11th Cir.2004). District Courts review *de novo* the question of law whether a debtor's interest is property of the bankruptcy estate. *Bell-Tel Fed. Credit Union v. Kalter (In re Kalter)*, 292 F.3d 1350, 1352 (11th Cir.2002).

## STATEMENT OF THE CASE

This case concerns: (i) the sale of the Chapter 7 Trustee's legal and equitable interests of Jodell M. Altier's ("Debtor") 1000 bearer shares in Grande Legacy Group("GLG") to Goshen Mortgage REO, LLC ("Goshen"); (ii) Goshen's subsequent amendment of GLG's bylaws and removal of Mr. Darrin C. Lavine as Trustee of GLG ("Trustee Lavine" or "Appellant"); and (iii) the application of the doctrine of law-of-the-case to the bankruptcy court's prior final ruling approving the sale. On March 4, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code"). On November 6, 2015, Debtor testified at a Rule 2004 Examination conducted by Goshen's counsel that she held an ownership interest in GLG, which was formed in September 2013. *See Record 6-3*, pp. 22-23. 27-37. Debtor testified that she and her husband created GLG for asset protection purposes. *See id.* 3. The Articles of Incorporation ("Articles") of GLG expressly state that the corporation had only 1,000 authorized and outstanding shares. *See Record 5-0*, p. 8. The Articles also state that the lawful

2

possessor of the issued stock certificate shall be construed to be the true and lawful owner of the shares. *See id.* at p. 12. The sole evidence of any ownership interest in GLG is based on that certain "Stock Certificate Shares of Grande Legacy Group" (the "Bearer Shares Certificate"). *See id.* at. p. 15. The Bearer Shares Certificate evidences the ownership interest in the 1,000 shares of GLG, and also states that the holder of the Stock Certificate is the owner of One-Thousand (1000) shares of GLG. *See id.*

On July 14, 2016, the Bankruptcy Court conducted an auction pursuant to 11 U.S.C. §363 (the "Auction") for certain assets of the estate, including the Bearer Shares Certificate, as well as any and all of the Chapter 7 Trustee's interest in GLG (the "Assets"). *See Record* 5-17. At the Auction, Goshen and the Debtor's husband, Mr. Joseph E. Altier offered bids for the Assets. *See id.* Ultimately, Goshen was the highest and winning bid for the Assets in the amount of $185,000.00. *See id.* On July 25, 2016, the Bankruptcy Court entered an order approving the sale of the Assets to Goshen ("Sale Order"). *See Record 5-0* at p. 17. No party in interest filed a notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002, moved for reconsideration pursuant to Federal Rule of Bankruptcy Procedure 9023, or moved for relief from judgment pursuant to

3

Federal Rule of Bankruptcy Procedure 9024. Accordingly, on August 9, 2016, the Sale Order became final.

On August 10, 2016, the Chapter 7 Trustee and Goshen executed a bill of sale and assignment, whereby the Chapter 7 Trustee granted, bargained, sold, conveyed, transferred, assigned, and delivered all the Chapter 7 Trustee's right, title, and interest in the Bearer Shares Certificate and GLG. *See id*. Goshen took possession of the Bearer Shares Certificate for GLG on August 10, 2016. On August 17, 2016, Goshen, as sole shareholder of GLG, amended the Articles of GLG by enacting new bylaws (the "Bylaws") and approving a resolution to appoint Mr. Bymel as the sole director, president, vice president, treasurer and secretary (the "Resolution"). *See id*. pp. 20-34.

On August 18, 2016, after a full evidentiary hearing, the Bankruptcy Court entered an order sustaining the objections of the Chapter 7 Trustee and Goshen to the Debtor's claims of exemption related to her alleged homestead, holding that GLG is "treated as a corporation pursuant to 11 U.S.C. §101(9)(a)(iii)." (the "Exemption Order") *See Record 8-2*, p. 2. No party in interest filed a notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002, moved for reconsideration pursuant to Federal Rule of Bankruptcy Procedure 9023, or moved

4

for relief from judgment pursuant to Federal Rule of Bankruptcy Procedure 9024.

Accordingly, on September 2, 2016, the Exemption Order became final.

Goshen, as the sole shareholder of GLG, and Mr. Bymel, as the sole director

and officer of GLG, requested Latham Shuker Eden & Beaudine, LLP ("LSEB")

represent GLG in adversary proceeding 6:15-ap-00156-KSJ[1].  Accordingly, on

August 26, 2016, LSEB filed a motion to substitute as counsel for GLG (the

"Substitution Motion").  Trustee Lavine objected to the Substitution Motion on

the following grounds: (i) the Articles of GLG prevented Goshen from adopting

the Bylaws; (ii) the Articles only gave the Debtor and her husband the right to

change to the Trustee of GLG; (iii) the Articles prohibited the purchase of the

Bearer Shares Certificate; and (iv) the purchase of the Bearer Shares Certificate

did not provide for the ownership of GLG (the "Lavine Objection").  *See Record*

*5-1.*   The Bankruptcy Court overruled the Lavine Objection, and stated as

follows:

> The Court: . . . In connection with the Motion for Substitution, the
> issues [sic] really raised is does the Goshen Mortgage have the
> authority to substitute Mr. [Bymel] . . . as a trustee for Grande

---

[1] On November 19, 2015, Goshen instituted adversary proceeding 6:15-ap-00156-KSJ against the Debtor.  On April 15, 2016, the aforementioned adversary proceeding was consolidated with adversary proceeding 6:16-ap-00013-KSJ, which was commenced by the Chapter 7 Trustee, with Goshen subsequently substituting as Plaintiff, against several parties, including GLG. (collectively, these adversary proceedings shall be referred to as the "GLG Adversary").

Legacy Group, a Texas Joint Stock Company. And we did have an evidentiary hearing as to what this creature was. We also - and concluded, without appeal, that it is a corporation under Texas Law and that we also previously held a sale in which both Mr. Altier and Goshen Mortgage competed in the bid to obtain 1,000 shares of bearer stock in Grande Legacy Group. And there is no dispute. That is the entire ownership package for the corporation. It is also without dispute that sale is concluded and it was not appealed. So that is a final transfer.

The Trustee today confirms, as did the sale documents, that all rights, titles, interests of the Debtor of any nature or kind were transferred in connection with that sale.

So Goshen Mortgage was the successful bidder and paid a fair amount of money for the right to the bearer bonds, as well as all of the Debtor's right, title, and interest to Grande Legacy Group. And that's exactly what the purchaser got. All rights, title, interests, claims, what it is, associated with the Debtor's interests in Grande Legacy Group was purchased by Goshen Mortgage. That is final and concluded.

As the purchaser of the only ownership interest in Grande Legacy Group - the 1,000 shares of the bearer stock - they control all rights, all voting, all management, any indicia of ownership, anything else I need to say to conclude that Goshen Mortgage is Grande Legacy Group. And they have the full power and authority to appoint a substitute trustee, if that's what they so choose.

There is nothing in either the Texas Code that has been cited to me, nor in the Bylaws or Articles listed by Mr. Bull that would otherwise stop them from doing so. *See Record 5-5*, pp. 30:20-24; 31:1-25; 32:1-15.

On September 14, 2016, the Bankruptcy Court entered an order granting the

Substitution Motion (the "Substitution Order"). *See Record 5-3.* In addition to

6

the oral findings and conclusions stated on the record pursuant to Federal Rule of Bankruptcy Procedure 7052(a), the Bankruptcy Court noted in the Substitution Order that Goshen "is the 100% owner of GLG and holds all powers of management, direction, and control related to GLG." *See id.* at p. 4.  On September 21, 2016, Trustee Lavine filed a notice of appeal of the Substitution Order. *See id.*  Trustee Lavine also filed a motion to stay all proceedings in the GLG Adversary Proceeding, however the Bankruptcy Court denied the request for a stay pending appeal. *See Record 5-4, 5-13.*  Subsequent to filing the notice of appeal, the parties to the GLG Adversary Proceeding executed a joint stipulation for dismissal providing for the dismissal with prejudice of all pending claims in the adversary proceeding (the "Dismissal Stipulation").[2] *See Appendix Tab 9.*

## SUMMARY OF ARGUMENT

All of the Debtor's contractual rights and interest in GLG became property of her bankruptcy estate pursuant §541(a)(1) of the Bankruptcy Code by operation of law when she filed her petition.  Section 541(c)(1)(A) overrides both contract and state law restrictions on the transfers or assignment of the Debtor's interest in GLG in order to sweep all of her interests into her estate. As such, the restrictions Trustee Lavine points to under the Articles of GLG did not prevent the vesting of

---

[2] On April 12, 2017, the Appellee filed a motion to supplement the record on appeal to include the Dismissal Stipulation (Doc. No. 26).

the Debtor's contractual rights in her bankruptcy estate.  As a result, the Chapter 7 Trustee stepped into the Debtor's shoes, succeeding to all her rights in GLG, and transferred those same rights, pursuant to 11 U.S.C. §363, to Goshen.  In addition, pursuant to the Sale Order and Texas state law, Goshen, as the sole shareholder of GLG, became the equitable owner of GLG's assets and could enact or amend the by-laws to appoint Mr. Bymel as the sole director and officer of GLG. Furthermore, the Appellant is barred from challenging the Substitution Order by the law-of-the-case doctrine.  The Bankruptcy Court previously ruled on the same facts and legal issues raised in the Lavine Objection, and found in the Sale Order and the Exemption Order that Goshen was the sole shareholder and had control of GLG.

In addition to the aforementioned arguments, Goshen asserts that the instant appeal of the Substitution Order is now moot because all the parties to the GLG Adversary Proceeding entered into the Dismissal Stipulation, which was filed in the Bankruptcy Court on April 7, 2017.  The Dismissal Stipulation resolved all remaining matters and there is no longer an actual case or live controversy pending before the Bankruptcy Court.

8

## ARGUMENT

I.  THE BANKRUPTCY COURT PROPERLY
    DETERMINED THAT GOSHEN MORTGAGE REO
    LLC HAD THE AUTHORITY TO SUBSTITUTE MR.
    BYMEL AS THE TRUSTEE FOR GRANDE
    LEGACY GROUP, A TEXAS JOINT STOCK
    COMPANY AND HIRE LATHAM, SHUKER, EDEN
    & BEAUDINE LLP AS REPLACEMENT COUNSEL.

   A.   Pursuant 11 U.S.C. §541, the Chapter 7 Trustee
        had the rights to all of the Debtor's legal and
        equitable interests in Grande Legacy Group, and
        therefore could transfer those rights pursuant to
        a sale under 11 U.S.C. §363

When the Debtor filed her individual Chapter 7 case, an estate was created

which consisted of "all legal or equitable interests of the debtor in property as of

the commencement of the case." *11 U.S.C.§541(a)(1) (2005)*. While federal law

defines "property of the estate," state law determines the nature and extent of a

debtor's interest in property. *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct.

914, 59 L.Ed.2d 136 (1979). "Code § 541(c)(1) expressly provides that an interest

of the debtor becomes property of the estate notwithstanding any agreement or

applicable law that would otherwise restrict or condition transfer of such interest

by the debtor." *Movitz v. Fiesta Invs., L.L.C. (In re Ehmann)*, 319 B.R. 200, 206

(Bankr.D.Ariz.2005); *see also Fursman v. Ulrich (In re First Protection, Inc.)*,

440 B.R. 821, 830 (9th Cir. BAP 2010). In obtaining the debtor's rights, the

9

trustee is not a mere assignee, but steps into a debtor's shoes as to all rights, including the rights to control a single-member LLC, a general partner's management right, as well as shareholder rights. *See First Protection*, 440 B.R. at 830; *In re Wallen*, 43 B.R. 408, 409 (Bankr. Idaho 1984); *Fowler v. Shadel*, 400 F. 3d 1016, 1018 (7th Cir. 2005). Moreover, in *First Protection*, the Ninth Circuit Bankruptcy Appellate Panel concluded that §541(c)(1)(A) overrides state and contract law restrictions on the transfer of debtor's interests in order to transfer all property interests into the bankruptcy estate. *See First Protection*, 440 B.R. at 830 (referring to the operating agreement in addressing contractual limitations); *see also In re Pickel*, 487 B.R. 289, 292 (Bankr. D.N.M. 2013) (§541(c)(1) preempts conflicting state law provisions).

In *Fowler v. Shadel*, the chapter 7 debtor was the sole shareholder of a corporation which owned two vehicles. *See Fowler*, 400 F. 3d at 1018. The debtor asserted that since he was the sole shareholder of the corporation, he possessed an equitable interest in the assets of the corporation, and as such could claim the two vehicles as exempt pursuant to state law in his bankruptcy case. *See id*. The issue before the court was whether the debtor's equitable interest in the corporation included an interest in the assets of the corporation. *See id*. The court held that the debtor's shares of stock passed to the chapter 7 trustee at the time of

filing to the bankruptcy estate and became property of the trustee, who thereby acquired the equitable interest in the corporate property. *See id.* "As the owner of the shares in bankruptcy, the trustee could liquidate the corporation and obtain legal ownership of the corporate vehicles. . ." *See id.* The court reasoned that while the shares of a corporation become part of the estate, the assets of the corporation do not. *See id.* at 1019. However, the rights accompanying the shares do pass to the trustee, and pursuant to 11 U.S.C. §704, the trustee must "collect and reduce to money the property of the estate for which such trustee serves . . ." *See id.* (citing *11 U.S.C. §704 (2005)*). In addition, under 11.S.C. §363(b)(1), the trustee may, after notice and a hearing, use, sell, or lease estate property. *See id.* (citing *11 U.S.C. §363 (2005)*).

In the instant case, there is no dispute that the Debtor's interest in GLG, which was listed on Schedule B, became property of her bankruptcy estate upon commencement of her case. The Chapter 7 Trustee acquired all of the rights that the Debtor had in GLG upon her bankruptcy filing, including her shareholder rights and the right to change the trustee of GLG. The sole basis for the Lavine Objection is that the Articles of GLG preempt Section 541 of the Bankruptcy Code and prevented the Chapter 7 Trustee from transferring the Bearer Shares Certificate, altering the Articles, and changing the trustee of GLG. Trustee Lavine

11

cites no applicable case law to support this position. The Chapter 7 Trustee stood in the shoes of the Debtor and had all the same legal and equitable rights which the Debtor possessed on the Petition Date. All of legal and equitable rights with respect to the Bearer Shares Certificate were transferred to Goshen pursuant to the Sale Order. Accordingly, the Appellant's argument that its private right to contract with the Debtor precluded the Chapter 7 Trustee's sale of the Bearer Shares Certificate is without merit and is unsupported by applicable case law.

B.   Pursuant to Texas state law, Goshen Mortgage REO, LLC, as the sole shareholder of Grande Legacy Group, had the authority to amend the bylaws of Grande Legacy Group, replace Mr. Darrin C. Lavine as Trustee, and hire replacement counsel.

The Debtor was the sole shareholder of GLG on the Petition Date. Upon filing the voluntary petition for relief under Chapter 7 of the Bankruptcy Code, the Chapter 7 Trustee became the sole shareholder of GLG. Pursuant to Texas state law, the shareholders of a corporation are the equitable owners of its assets and may bind the corporation by a contract that all of the shareholders sign. *See Martin v. Martin, Martin & Richards, Inc.*, 12 S.W. 3d 120, 124 (Tex. App. -Fort Worth 1999). Notwithstanding a charter, bylaw or statutory provision that places the power of management in a board of directors or requires formal action by them, a sole shareholder may himself deal with the corporation's property and make

12

contracts regarding the corporate assets that are binding on the corporation so long as the rights of creditors are not prejudiced. *Martin*, 12 S.W. 3d at 124; *see also Newman v. Toy*, 926 S.W. 2d 629, 631 (Tex. App. - Austin 1996). Furthermore, if the corporation's charter is silent as to the formalities to be observed for the enactment, or amendment, of bylaws no particular mode of enactment or formality is necessary. *See Keating v. K-C-K Corp.*, 383 S.W. 2d 69, 71 (Tex. Civ. App.- Houston 1st Dist.1964). "Under such circumstances, it is a general rule that bylaws may be adopted, or amended orally or by acts evidenced by a uniform course of proceeding, or usage and acquiescence." *Id.*

In the instant case, the Articles provide that "[t]he exclusive right to appoint Trustee(s) and Successor Trustee(s) only vests with the original Exchangor or Exchangors as Shareholder(s)." *See Record 5-0,.* at p. 8. As previously discussed *supra* in section I.A., §541(c)(1) preempts the  contractual limitations of the Articles and permits the Chapter 7 Trustee to stand in the shoes of the Debtor as the original Exchangor and Exchangor as Shareholder and acquire the right to appoint a Successor Trustee.  In addition, 11 U.S.C. §363, allows the Chapter 7 Trustee to transfer the Exchangor's right to appoint a Successor Trustee, as well as the Bearer Shares Certificate. *See id.* at pp.17-18.  With respect to the enactment or amendment of bylaws for GLG, the Articles are silent. *See id.* at

13

pp.8-14. Accordingly, on August 17, 2016, Goshen, as the sole shareholder enacted the new Bylaws replacing the Articles and adopted the Resolution. *See id.* at pp.20-34. Pursuant to either the right to appoint a Successor Trustee or the Bylaws and Resolution, Mr. Bymel became the sole authorized representative of GLG. *See id.* Mr. Bymel had the corporate authority to hire LSEB as replacement counsel for GLG. *See id.* at pp. 21-21.

      C.   The doctrine of law-of-the-case bars Mr. Darrin C. Lavine from challenging the Bankruptcy's Court prior final ruling that Goshen Mortgage REO, LLC purchased all rights, titles, and interests of the Debtor in Grande Legacy Group.

The law-of-the-case doctrine is a judicial doctrine that promotes finality and efficiency in the judicial process by encouraging courts to follow their own decisions within any given case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988). The Supreme Court has stated that "the doctrine of the law-of-the-case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.* at 816. With respect to bankruptcy courts, a bankruptcy case is comprised of all components of the bankruptcy that are "commenced by the filing of a petition" including all litigation. *See Term Loan Holder Comm. v. Ozer Group, LLC (In re The Caldor Corp.)*, 303 F. 3d 161

14

(2d Cir. 2002). In the bankruptcy context, the law-of-the-case doctrine should be applied to disputes arising in the main bankruptcy case, as well as all of its related adversary proceedings. Adversary proceedings are part of a bankruptcy case. *Cohen v. Bucci*, 905 F. 2d 1111 (7th Cir. 1990) ("Adversary proceedings in bankruptcy are not distinct pieces of litigation; they are components of a single bankruptcy case. . ."). The law-of-the-case doctrine applies in adversary proceedings in a bankruptcy case, and even between separate adversary proceedings in the same bankruptcy case. *See Bordeau Brothers, Inc. v. Montagne (In re Montagne)*, 2010 WL 271347, *5-6 (Bankr.D.Vt. Jan. 22, 2010). The Eleventh Circuit Court of Appeal recognizes the following narrow exception to the doctrine: (i) new evidence brought to the court's attention; (ii) change in the law; and (iii) a decision made in "clear error" creating a manifest injustice." *Royal Ins. Co. v. Latin Am. Aviation Serv.*, 210 F.3d 1348, 1350 (11th Cir. 2000).

In the instant appeal of the Substitution Order, the Appellant is collaterally attacking the Sale Order, by requesting this Court to determine that the transfer of the Bearer Shares Certificate and all the rights, title and interest the Chapter 7 Trustee had in GLG to Goshen, did not actually transfer the managements rights of GLG to Goshen. Prior to the hearing on the Substitution Motion, the Bankruptcy Court conducted an auction for the sale of the Assets on July 14, 2016

15

(the "Sale Hearing"). *See Record 5-5*. At the Sale Hearing, no party in interest

raised any objection to the sale of the Assets, or, more specifically, to the transfer

of the management rights of GLG. *See id*. Subsequently, at the September 7,

2016 hearing on the Substitution Motion, the Bankruptcy Court addressed the

facts and legal issues raised in the Lavine Objection:

> we did have an evidentiary hearing as to what this creature was. We
> also - and concluded, without appeal, that it is a corporation under
> Texas Law and that we also previously held a sale in which both Mr.
> Altier and Goshen Mortgage competed in the bid to obtain 1,000
> shares of bearer stock in Grande Legacy Group. And there is no
> dispute. That is the entire ownership package for the corporation. It
> is also without dispute that sale is concluded and it was not appealed.
> So that is a final transfer. *See id*. at pp. 30:20-24.

The Bankruptcy Court acknowledged that the Appellant was attempting to reargue

the same operative facts underlying the Sale Order and the Exemption Order. See

Record 5-0, p. 17; Record 8-2, p. 2. The issues raised in the Lavine Objection

were already litigated and resolved at the Sale Hearing, the Sale Order and the

Exemption Order. The Bankruptcy Court was clear

> As the purchaser of the only ownership interest in Grande Legacy
> Group - the 1,000 shares of the bearer stock - they control all rights,
> all voting, all management, any indicia of ownership, anything else
> I need to say to conclude that Goshen Mortgage is Grande Legacy
> Group. And they have the full power and authority to appoint a
> substitute trustee, if that's what they so choose. *See Record 5-5*, p.
> 32:1-11.

16

Finally, the Lavine Objection also failed to raise any exception to the law-of-the-case doctrine. The Appellant did not bring any new evidence to the court's attention, a change in the law, or establish that the Sale Order was made in "clear error" creating a "manifest injustice." The Bankruptcy Court stated that "there is nothing in either the Texas Code that has been cited to me, nor in the Bylaws or Articles listed by Mr. Bull that would otherwise stop them from doing so." *See Record 5-5*, p. 32:12-15.

The findings of fact and conclusions of law in the Sale Order, the Exemption Order, and reiterated by the Bankruptcy Court at the September 7, 2016 hearing on the Substitution Motion are binding with respect to the Substitution Motion and the Lavine Objection. The orders are entitled to preclusive effect, and none of the exceptions to the law-of-the-case doctrine apply. The arguments raised by the Appellant in the Lavine Objection are barred by the law-of-the-case doctrine.

II.   PURSUANT TO THE DOCTRINE OF CONSTITUTIONAL MOOTNESS, THIS COURT SHOULD DISMISS THE INSTANT APPEAL OF THE ORDER GRANTING MOTION TO SUBSTITUTE AS COUNSEL FOR GRANDE LEGACY GROUP.

Federal Courts may only adjudicate actual cases and controversies. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.

3d 869, 880 (9th Cir. 2012). Constitutional mootness derives from Article III of the United States Constitution, which provides that the exercise of judicial power depends on the existence of an actual case or a live controversy. *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 33 (9th Cir. BAP 2008). Whether a case is constitutionally moot turns on whether the court can give the appellant "any effective relief in the event that it decides the matter on the merits in his favor." *In re Thorpe Insulation Co.*, 677 F.3d at 880. If so, the mater is not moot. *Id.* A bankruptcy court's dismissal of the entire adversary proceedings renders any interlocutory appeals moot and a district court therefore must dismiss those appeals. *See In re Fillard Apartments, Ltd.*, 104 B.R. 480, 481 (S.D. Fla. 1989). The party claiming mootness bears the "heavy burden" of demonstrating that "there is no effective relief remaining for a court to provide." *Focus Media, Inc. v. Nat'l Broad. Co. Inc. (In re Focus Media, Inc.)*, 378 F. 3d 916, 923 (9th Cir. 2004).

In the instant case, pursuant to the Dismissal Stipulation, the parties

stipulate to dismissal, without prejudice, of Counts I, II, III, IV, V, VI, VII, IX, X, XI, XII, XIV and XV of the complaint filed in Case No: 6:16-ap-00013-KSJ, and Counts I and II of complaint filed in the Lead Case. The Parties have conferred through counsel and have agreed that it is appropriate to dismiss the remaining counts in this adversary proceeding. Accordingly, the Parties request that the Court dismiss this action without prejudice and direct the Clerk of Court to close this adversary proceeding. By agreement of the Parties, each

party shall bear its own attorney's fees and costs incurred in this action. *See Appendix Tab 9.*

The Dismissal Stipulation was executed by: (i) LSEB on behalf of Goshen and GLG; (ii) counsel for Jennifer E. Sandman and Jill A. Altier, as Successor Co-Trustees of the Altier Family Irrevocable Trust; and (iii) Mr. Jonathan Bull as counsel for the Debtor and her husband, Joseph E. Altier. Trustee Lavine is not a signatory to the Dismissal Stipulation because he is not a named defendant in the GLG Adversary Proceeding. Mr. Jonathan Bull represented Trustee Lavine with respect to the Lavine Objection and the instant appeal.

The Dismissal Stipulation unfortunately fails to reference a voluntary dismissal of the instant appeal of the Substitution Order which was entered in the GLG Adversary Proceeding. Irrespective of the omission of this appeal from the Dismissal Stipulation, there are no other pending claims in the GLG Adversary Proceeding, and even if this Court were to reverse the Substitution Order, the Court is unable to provide Trustee Lavine with any effective relief. If this Court were to overrule or remand the Substitution Order back to the Bankruptcy Court, the GLG Adversary Proceeding is no longer pending and as such GLG is no longer a party in need of representation. The GLG Adversary Proceeding was not stayed pending the determination of this appeal, and the parties were free to agree

19

to dismiss the proceeding.  This appeal should be denied as moot due to the Dismissal Stipulation.

## CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)(B)

This principal brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B) because this principal brief contains 5,701 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(a)(7)(B)(iii).

**DATED** this 12<u>th</u> day of April, 2017.

Respectfully submitted,

/s/ Mariane L. Dorris
Justin M. Luna, Esq.
Florida Bar No.: 0037131
jluna@lseblaw.com
Mariane L. Dorris, Esq.
Florida Bar No.: 0173665
mdorris@lseblaw.com
LATHAM, SHUKER,
EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida  32801
Tel:  407-481-5800
Attorneys for Goshen Mortgage REO, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing ANSWER BRIEF OF APPELLEE, GOSHEN MORTGAGE REO, LLC, together with the Federal Rule of Bankruptcy Procedure 8018(b)(2) Appendix, has been served via the Court's CM/ECF Systems to all parties requesting such notice, on this 12th day of April, 2017

/s/ Mariane L. Dorris
Justin M. Luna, Esq.
Florida Bar No.: 0037131
jluna@lseblaw.com
Mariane L. Dorris, Esq.
Florida Bar No.: 0173665
mdorris@lseblaw.com
LATHAM, SHUKER,
EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida  32801
Tel:  407-481-5800
Attorneys for Goshen Mortgage REO, LLC