## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In Re:
JODELL M. ALTIER,
Debtor.

Bankr. Case Nos. 6:15-bk-1838-KSJ
6:15-ap-0156-KSJ

6:16-ap-0013-KSJ

_____

DARRIN C. LAVINE,
Appellant,
v.                                                    Case No. 6:16-cv-1899-Orl-37
GOSHEN MORTGAGE LLC,
Appellee.
_____/

### APPELLANT'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

COMES NOW the appellant, by and through undersigned counsel, and does

hereby respond to the court's May 2nd Order to Show Cause why the appeal should not

be dismissed for Mootness and presents the following:

1. The appellee has a "heavy burden" for a dismissal for mootness grounds, *In Re*

   *Thorpe Insulation,* 677 F. 3d 869 (9th Cir. Court, 2012).

2. The court in *Thorpe*, supra, identified two doctrines of mootness to be applied,

   the first under Art. III of the U.S. Constitution, the second under equity.  Appellant

   argues that the appeal is not moot under either doctrine.

3. In support of the argument that the appeal is not moot, the appellant presents the

   prior factual background of the case:


   The original case was filed as a chapter 7 by Jodell Altier pro se to discharge a

   $100,000.00 judgment that was entered against her pursuant to an

indemnification agreement she executed with an attorney to file a lawsuit against the primary creditor in the Bankruptcy case, an HOA incorporated as Mandalay Bay.  Ms. Altier's other primary creditor was Goshen Mortgage, who had purchased the foreclosure judgment against her primary residence on Roat Drive in Orlando, Florida from Christiana Trust.   Mrs. Altier filed for bankruptcy as an individual and without her husband, Joseph Altier.  During the course of the case, the Trustee discovered that Ms. Altier and her husband were co trustee's of GLG, which held title to not just the Altier's home on Roat Drive in Orlando, but a lot on Lanternback Drive and another lot in Orlando, both which were unencumbered by any liens or mortgages.  Conservatively, the value of all three properties is around $800,000.00.  These properties are the fruit of the Altier's labor for the past 30 years of the couple running a successful construction business. The properties were held by GLG which is a Texas Joint Stock Company which lists Darren Lavine, Jodell Altier Joseph Altier as trustees.

Upon discovering the existence of the Joint Stock Company, the Trustee filed the Adversary Proceeding against Ms. Altier and her Husband Joseph which is the subject of the appeal and forced Mrs. Altier to turn over the certificates of stock in GLG.

Goshen Mortgage then purchased the shares from GLG and an assignment of all of the trustees rights from the Trustee at an auction in August of 2016 for $180,000.00, outbidding Joseph Altier.  As a rough estimate, the amount of

money required to clear all of Jodell Altier's debts, including the mortgage in the Roat Drive Propety, the judgment of Mandalay Bay and all of the legal and administrative fees for both the Trustee and Goshen's counsel is $500,000.00. As a result there is approximately a $300,000.00 surplus, that, but for Goshen's acquisition of the properties, should be returned to the Altiers.

Goshen, pursuant to it's acquisition of GLG, then sought to remove Darren Lavine and Jonathan Bull, Esq., as Trustee and Counsel for GLG and replace them with Bill Bymel of Goshen Mortgage as trustee of GLG and Justin Luna, Esq. as counsel for GLG.  Mr. Lavine contested the removal of himself as Trustee and Mr. Bull based on the argument that such a removal was in violation of GLG's Corporate Charter, GLG's constitutional right to contract and the Texas Corporation code.  A full evidentiary hearing was held and the court held that the acquisition of the GLG shares gave Goshen the Authority to control GLG and to dispose of all assets of GLG, despite express language to the contrary in the corporate documents.  Lavine appealed this ruling, as in effect it allowed Goshen to not just take the Altier's home, but all of Joseph and Jodell's marital property and the two lots referenced earlier, which had already been deeded to the Altier's two daughters as their inheritance 4 years prior to the initial BK filing.

Goshen also filed a motion for Summary Judgment in the underlying Adversary proceeding to declare the conveyance of the properties to GLG as a fraudulent

transfer.  The motion was ultimately granted which led to the dismissal of the case on May 9th, 2017.

As a result, Goshen received possession of the Debtor's home and the two unencumbered lots, receiving at least a $300,000.00 windfall.

4. "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." *Felster Publ'g v. Burrell (In re Burrell),* 415 F.3d 994, 998 (9th Cir.2005) (quoting *Garcia v. Lawn,* 805 F.2d 1400, 1402 (9th Cir.1986)). We conclude that the appeal is not constitutionally moot because we could reverse plan confirmation or require modification of the plan, thereby giving relief to Appellants." *In re Thorpe Insulation Co.* 677 F.3d 869, 880 (U.S. 9th Cir. App., 2012).

5. Appellant argues that the case is not moot because the appellate court can require a modification of the plan that separates the unencumbered property in the two lots and there would be no adverse effect to the creditors as the value of the remaining Roat Drive Property is substantial enough to cover all debts and administration of the estate.

6. The case is does not meet the 4 requirements under the "equitable mootness doctrine" articulated in *Thorpe,* supra.  The doctrine of equitable mootness requires that:

   a.   The appellant did not seek a stay;

   b.  The plan has been substantially consummated;

    c.  Whether the modification of the plan of reorganization would bear unduly on the innocent;

    d.  Whether the bankruptcy court on remand may be able to devise an equitable remedy.

7. As to the stay, appellant sought a stay in the BK court and was denied and then filed a notice of appeal and a brief.  The appellant did not sit on their rights but instead pursued them.

8. At this point, since the dismissal has been granted, it can be argued that the plan has been substantially completed.  However, upon information and belief, no creditors have been paid as of yet and Goshen, it it's role of successor trustee, has yet to distribute funds or sold the properties.  It that respect, since the sale of assets and payments have not occurred, there is no substantial completion of the Chapter 7.

9. In this case, the modification of the Chapter 7 would in fact restore the rights of 3rd party innocents, specifically, Joseph Altier, who had lost substantially all of his marital share in the family home, The children of the Altiers, who have lost their inheritance, and the Debtor's Mother, who lived with the debtor and her husband and has been forced to leave her home of 20 years.

10. On remand, the court could easily devise an equitable remedy by exempting the unencumbered property that was held by GLG while allowing Goshen to receive the benefit of possession of the Roat Drive Property to pay claims, judgment and legal fees.

11. Based on the foregoing, the doctrine of equitable mootness does not apply to the

dismissal of this appeal.


## Prayer for Relief

WHEREFORE the Appellant respectfully requests that the court does not dismiss the appeal as moot.

## Certificate of Service

I HEREBY CERTIFY that a true copy of this Motion to Reinstate Appeal  has been furnished electronically mail to those parties entitled to receive electronic notice in this case, and to those parties with an interest in the Property as indicated on the record title search performed by the Trustee, via U.S. First Class, postage prepaid mail to: Jonathan Bull, Esq., a/f Jodell M. Altier and Joseph Altier,  via email to jbull@circuit9.org; Justin Luna, Esq., at JLuna@lseblaw.com Gene T Chambers, Trustee, c/o Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Suite 102, Orlando, Florida 32801, mnardella@nardellalaw.com; Kelley A. Bosecker, a/f Georgiann Jereczek, 1400 Gandy Boulevard, #706, St. Petersburg, Florida 33702, sbosecker@tampabay.rr.com, kbosecker@tmo.blackberry.net, and the U.S. Trustee, 400 W Washington Street, Suite 1100, Orlando, FL 32801, on this 9th day of May, 2017.

S/ Jonathan Bull
Attorney for Darren Lavine
Fl. Bar No. 565903
435 N. Orange Avenue
Suite 400
Orlando, FL 32801
jbull@circuit9.org
321-557-7518